**Jose Rosario RIVERA CONTRERAS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–70127.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 14, 2007.

Enrique Ramirez, Esq., Law Office of Enrique Ramirez, San Francisco, CA, for Petitioner.

may, in its discretion, consider Maka's pro se Rule 33(b)(1) motion for a new trial based on newly discovered evidence.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michelle G. Latour Fax, Michael P. Truman, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Gary M. Guarino, Esq., USAK–Office of the U.S. Attorney, Federal Bldg. & U.S. Courthouse, Anchorage, AK, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Jose Rosario Rivera Contreras, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision that summarily affirmed the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Lim v. INS*, 224 F.3d 929, 933 (9th Cir.2000), and we deny the petition.

Substantial evidence supports the IJ's finding that the threat Rivera Contreras received did not constitute past persecution. *See Lim*, 224 F.3d at 936. In addition, substantial evidence supports the IJ's finding that Rivera Contreras's fear of future persecution is not objectively reasonable in light of current country conditions. *See Gonzalez–Hernandez v. Ashcroft*, 336

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

F.3d 995, 998–99 (9th Cir.2003). Accordingly, his asylum claim is denied.

Because Rivera Contreras failed to satisfy the lower standard of proof for asylum, it necessarily follows that he failed to satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.